# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7433 | **DATE** | August 31, 2010 |
| **CASE TITLE** | Anton Rouse (#2009-0043750) v. M. Khan | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to reinstate and motion for the appointment of counsel [39, 40] are denied. This case remains dismissed.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

    Plaintiff, Anton Rouse, an Illinois inmate currently incarcerated at the Vienna Correctional Center, initiated this 42 U.S.C. § 1983 action against Cook County Sheriff Tom Dart, Cook County Jail Dr. Khan, and former Director of Cermak Health Services Dr. Hart ("Defendants"). Plaintiff alleges that he had an abscessed tooth in August 2009, that he developed recurring infections, and that he was unable to obtain medical attention following his second infection despite his requests to the Defendants. Plaintiff contends that the individual Defendants acted with deliberate indifference and that there is a policy or custom of not providing adequate dental care for pretrial detainees.

    The Defendants filed a motion to dismiss, and argued that Plaintiff's complaint stated that he had received treatment four times in three and one-half months and that such treatment demonstrated that there was no deliberate indifference. Plaintiff was twice ordered to respond to the motion to dismiss. After not receiving a response both times, the Court dismissed the case for failure to respond. Plaintiff then sought to reinstate his case. The Court denied Plaintiff's request, noting that he had to respond to the motion to dismiss before the Court would consider reinstating his case.

    Currently before the Court are Plaintiff's motion to reinstate, motion for appointment of counsel, and a one-page response to the motion to dismiss. Plaintiff's response to the motion to dismiss states simply "Plaintiff's clam has meritorious issue." (R. 38, Pl's Response.) Plaintiff states that his prisoner status has hampered his ability to obtain affidavits and to do research. (*Id.*) However, neither affidavits nor extensive library access are needed for Plaintiff to respond to the motion. To respond adequately to the motion to dismiss, Plaintiff should simply provide information and details that demonstrate that (1) he suffered a serious dental condition, (2) the Defendants actually knew that Plaintiff suffered a serious dental condition and (3) the Defendants deliberately disregarded Plaintiff's need for medical attention. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Alternatively, with respect to the supervisory officials, Plaintiff may demonstrate that (1) he suffered a serious dental condition, (2) there was a policy or custom of not providing adequate dental treatment, and (3) the Defendants had some control over the jail's dental policies. In other words, a proper response to the motion to dismiss needs to show only that Plaintiff suffered a serious medical condition, that he received constitutionally inadequate treatment, and the Defendants were in some way responsible.

**(CONTINUED)**

isk

| **STATEMENT (continued)** |
|---|
|     Plaintiff's current response, which provides only a conclusory statement that his claim has merit, is insufficient to respond to the motion to dismiss. Although the Court arguably need only look to the complaint to determine its sufficiency when addressing a motion to dismiss, an appropriate response is needed in this case for the Court to decide whether Plaintiff suffered inadequate dental care. Accordingly, Plaintiff's motion to reinstate, as well as his motion tor the appointment of counsel, are denied. This case remains closed. To reopen this case, Plaintiff must again seek to reinstate the case and submit a response to the motion to dismiss that sets out how he the dental care he received was inadequate to support a claim of deliberate indifference. |